UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DOE AND JANE DOE, on behalf of themselves and as Guardians ad Litem for their minor child, PRESCHOOLER,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY BOARD OF EDUCATION, et al.,<br><br>Defendants. | 02:03-CV-01500-LRH-RJJ<br><br>ORDER |

Presently before the court is plaintiff John and Jane Doe's (collectively, "Plaintiffs") Reply to Order Dated September 7, 2006 (# 211[1]). Defendants Clark County Board of Education, Clark County School District, Carlos Arturo Garcia, Charlene Green, Michael Harley, Kay Davis, Peggie Cravish ("Cravish"), Darryl Wyatt ("Wyatt"), and Kathleen Lisanti ("Lisanti") (collectively, "Defendants") have filed an opposition (# 215), and Plaintiffs replied (# 217).

**I. Factual and Procedural Background**

This action was brought by Plaintiffs on behalf of themselves and their minor child, Preschooler, as a result of alleged improper treatment of Preschooler by Defendants. Presently

---
[1] Refers to the court's docket number.

before the court is the judicial review of a state administrative decision concerning the Individuals with Disabilities Education Act ("IDEA"). The court has previously outlined the factual background of this case in its September 7, 2006, Order (# 208). As the parties are well aware of that background, the court need not repeat the factual allegations of this case.

The court's September 7, 2006, Order (# 208) permitted Plaintiffs to supplement the administrative record by including the deposition testimony of substitute teacher Stuart Limbert ("Limbert") along with "any reports describing the use of aversive interventions on Preschooler, including the Maureen Powers [("Powers")] electronic mail, and any police reports that contain descriptions of the alleged abuse." (September 7, 2006, Order (# 208) at 29.) In addition, the court gave Plaintiffs thirty days from the date of the order to file points and authorities regarding the claim for judicial review. Instead of complying with the court's order, Plaintiffs filed a document titled Plaintiffs' Reply to Order Dated September 7, 2006 (# 211), which asks this court to reconsider that portion of its September 7, 2006, Order that denied Plaintiffs' request to supplement the record with the testimony of Stephen C. Luce, Ph.D. ("Luce"). The court had previously declined to allow supplementation of the record with the testimony of Luce because Plaintiffs failed to present a solid justification for admitting the testimony. *Id*. at 34.

In failing to comply with the court's September 7, 2006, Order, Plaintiffs did not request a stay or an extension of time relating to that portion of the court's order directing Plaintiffs to file points and authorities regarding the claim for judicial review. Therefore, the court will construe Plaintiffs' Reply to Order Dated September 7, 2006, as both a motion to reconsider and as Plaintiffs' opening brief for judicial review.

**II.  Legal Standard**

    **A.  Motion to Reconsider**

A motion to reconsider is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). In

this case, Plaintiffs have not identified which rule governs their motion. However, since Plaintiffs motion was filed well past the ten-day period allowed in Rule 59(e), this court will treat the motion as one filed pursuant to Rule 60(b). Rule 60(b) of the Federal Rules of Civil Procedure "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Id*. (citing Fed. R. Civ. P. 60(b)).

### B. Judicial Review

IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education [("FAPE")] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d). "An appropriate public education does not mean the absolutely best or potential-maximizing education for the individual child. . . . The states are obliged to provide a basic floor of opportunity through a program individually designed to provide educational benefit to the handicapped child." *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994).

In case of a dispute between the school district and the parents, IDEA permits the parents of disabled children to "present complaints . . . with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6). The statute provides that a parent who submits such a complaint "shall have an opportunity for an impartial due process hearing." 20 U.S.C. § 1415(f)(1)(A). IDEA further permits any party aggrieved by the finding and decision in the due process hearing to file a civil action in state or federal court. 20 U.S.C. § 1415(i)(2). In any action seeking judicial review of the administrative decision, "the court . . . (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court

determines is appropriate." 20 U.S.C. § 1415(i)(C).

Judicial review of a state hearing officer's decision involves two steps. *Smith*, 15 F.3d at 1524. "First, the court must determine whether the rigorous procedural requirements of IDEA have been met. Second, the court must determine whether the state has met the substantive component of IDEA - the requirement that the state provide an 'appropriate' education." *Id*. (*citing Bd. of Educ. of Hendrick Hudson Central Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 206-07 (1982)).

The standard of review to be conducted pursuant to IDEA has been described as a "modified *de novo* review." *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 270 (3d Cir. 2003); *see also Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001) ("Complete *de novo* review . . . is inappropriate."). This modified *de novo* review requires the district court to give "due weight" to the hearing officer's decision. *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995). This court cannot substitute its notion of sound educational policy for those of the school authorities. *Ojai Unifed Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1933). The amount of deference due to state educational agencies is a matter for discretion of the courts. *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1311 (9th Cir. 1987). However, "the amount of deference bestowed upon the hearing officer is increased where her findings are 'thorough and complete.'" *Adams v. State of Oregon*, 195 F.3d 1141, 1145 (9th Cir. 1999) (quoting *Smith*, 15 F.3d at 1524).

**III. Discussion**

Plaintiffs seek reconsideration of the court's September 7, 2006, Order that denied Plaintiffs' request to supplement the record with the testimony of Luce. Initially, Plaintiffs contend that they are entitled to a jury trial for their IDEA claim. Substantively, Plaintiffs argue that supplementation is necessary in order for the court fo make a final adjudication. Plaintiffs contend that, prior to the administrative hearing in August of 2003, they were unaware of the frequency,

4

intensity and number of perpetrators involved in the violations that occurred in the 2002-2003 school year. Plaintiffs argue that they were prevented from calling Luce as a witness because they were unaware of the alleged abuse. Defendants argue that review of the administrative record establishes that there is no basis for modification of the administrative decision. Defendants further argue that the supplemental evidence is cumulative of two isolated incidents related to Preschooler.

Plaintiffs initially argue that they are entitled to a jury trial for their IDEA claim because they are seeking legal relief. Plaintiffs are incorrect. Judicial review pursuant to IDEA is a function of the court. Section 1415(i)(C)(iii) expressly states that in any action seeking judicial review of the administrative decision, "*the court* . . . basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(C)(iii) (emphasis added). Furthermore, the Ninth Circuit has described the process of judicial review pursuant to IDEA as one that requires *the court* to determine whether there is a procedural violation and whether the state has met the substantive component of IDEA. *Smith*, 15 F.3d at 1524 (*citing Rowley*, 458 U.S. at 206-07.) Upon careful examination of the supplemental evidence and the record as a whole, the court finds no basis for reconsidering its September 7, 2006, Order. The points and authorities filed by the parties focus solely on the supplementation permitted by the court. A review of that evidence further shows no error in the final administrative decision of the State Review Officer.

The supplemental testimony of Limbert shows that Limbert saw Cravish pick Preschooler up by the arm in a jerking fashion. (Opp'n to Pls.' Reply to Order Dated September 7, 2006 (# 215), Dep. of Stuart Limbert at 17:15-17.) However, Limbert further testified that he didn't see anything that was "totally drastic or anything." *Id*. at 20:13-17. Limbert also stated that Preschooler never appeared to be hurt from this action, but did cry occasionally because he was upset. *Id*. at 28:15-21. Limbert testified that he remembered seeing Cravish's facial expressions and that she would get very upset at the kids. *Id*. at 3-8.

The next piece of supplemental evidence is an electronic mail dated April 3, 2003, from Maureen Powers to several Clark County School District staff members. In that email, Powers reports that an itinerant staff witnessed the classroom teacher take the hands of a child and made the child hit himself in the face approximately ten times. (Pls.' Reply to Order Dated September 7, 2006 (# 211), Ex. 2 at 2.) Powers also filled out a Statement Report dated April 3, 2003, describing the same event.[2] *Id.* at 3. In the Statement Report, Powers states that teacher Patricia Been ("Been") asked Lisanti and teaching assistant Lynette Lofgren ("Lofgren") to help determine when the "incident" occurred. *Id.* at 5. Lisanti and Lofgren stated that they couldn't pinpoint the date because "it happened so often" that "they wouldn't be able to isolate the date of that incidence." *Id.*

Next, Plaintiffs have attached a letter dated September 27, 2002, from Gina and Rich Seideman addressed to Wyatt. The letter described an incident where an aide picked up Preschooler under one arm, threw him on a mat and started yelling at him. *Id.* at 8. However, Plaintiffs have also attached a second copy of the same letter that indicates a student other than Preschooler was the one who was picked up and thrown on the mat. *Id.* at 11.

Following the Seideman letter is an incident report dated March 3, 2003. The reporting officer states that Been observed Lisanti take the wrists of Preschooler and slap him in the head with force. *Id.* at 18. The report also indicates that Lynette Lofgren made a statement to the officer indicating that Lisanti picked Preschooler up and "put him in a chair forcefully, about as hard as he threw himself on the ground." *Id.*

An Investigative Report dated April 28, 2003, also described an incident where Lisanti forced Preschooler to hit himself with his own hands. *Id.* at 19, 20. The report indicates that there was no reported injury that would support the allegations being made. *Id.* at 20. The report further

---

[2]There is no evidence that any alleged events of abuse of other children had any effect on Preschooler's right to FAPE. Furthermore, any evidence relating to the alleged abuse of other children is beyond the scope of the court's order allowing supplementation of the administrative record. Because most of the evidence describing these events is not part of the administrative record and is irrelevant to Plaintiffs' IDEA claim, these events will not be addressed by the court.

6

indicates that the reporting officer spoke with Lisanti and that Lisanti indicated that she had taken the wrists of children who were hitting themselves, slowed the motion and used verbal cues to communicate to the child what she wanted him to do. *Id*. at 22.

In sum, the supplemental evidence describes four alleged incidents of mistreatment. First, there is evidence that Cravish picked preschooler up by the arm in a jerking fashion. Second, there is evidence that Lisanti took the hands of Preschooler and made him hit himself several times. Third, there is evidence that Lisanti picked up either Preschooler or a different child and threw the child on a mat and yelled at that child. Finally, there is evidence that Lisanti picked Preschooler up and forcefully put him in a chair.

During the administrative hearing, Preschooler's mother testified concerning Lisanti's teaching techniques by stating, "it was obvious when you observed how she interacted with the children that she was very grabby and very - not very gentle in a positive redirection. I never saw that going on in the classroom." (Administrative Record, Testimony of Mrs. Doe, File 1 at 200:3-7.) Preschooler's mother further testified that she observed Lisanti using aggressive teaching techniques. *Id*. at 200:16-201:1. Similarly, Preschooler's father testified that he had been told by a police detective that "there might be some harsh teaching practices being used." (Administrative Record, Testimony of Mr. Doe, File 1 at 226:6-7.)

Patricia Been testified that she observed Lisanti take the hands of Preschooler in her hands and made Preschooler hit himself. (Administrative Record, Testimony of Patricia Been, File 2 at 502:13-17.) Been further testified that Lianti stated, "Well, that'll break you from doing that." *Id*. at 502:18-19. Teacher's Aide Lofgren also testified that she observed this incident. (Administrative Record, Testimony of Lynette Lofgren, File 3 at 626:15-17.)

Gina Seideman, the parent of another child, testified that she observed Cravish respond to Preschooler scratching another child by lifting Preschooler by one arm and throwing him two feet across the room. (Administrative Record, Testimony of Gina Seideman, File 3 at 644:11-645:22.)

7

Richard Seideman corroborated this testimony.  (Administrative Record, Testimony of Richard Seideman, File 3 at 680:1-17.)

Thus, The above evidence demonstrates that Plaintiffs were aware of the allegations of abuse at the time the administrative hearing was conducted.  As the court stated in its September 7, 2006, Order, "Plaintiffs have failed to present a solid justification for admitting the testimony of Luce as additional evidence."  (September 7, 2006, Order (# 208) at 34.)  Although the supplemental evidence may serve to strengthen the allegations, Plaintiffs were aware of the two most significant events and should have presented the testimony of Luce at the administrative hearing.  Moreover, Plaintiffs have failed to show "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."  *See Fuller*, 950 F.2d at 1442.

With respect to the motion for judicial review, the above discussion of the supplemental evidence and the testimony at the administrative hearing demonstrates that the allegations of abuse and improper treatment were before the Hearing Officer and the State Review Officer.  Furthermore, this court agrees with the State Review Officer that, assuming the alleged mistreatment of Preschooler occurred as described by Plaintiffs, Plaintiffs have failed to establish how such mistreatment interfered with Preschooler's FAPE.  (Administrative Record, State Review Officer's Decision, File 10 at 928-29.)  There is simply no evidence indicating that the alleged mistreatment of Preschooler violated Preschooler substantive rights under IDEA.  As Plaintiffs have only sought review of the administrative decision with respect to whether the alleged mistreatment of Preschooler resulted in a denial of FAPE, the court will affirm the final decision of the State Review Officer.

At this point, the only remaining issue in this case is Plaintiffs' fifth cause of action pursuant to the Fourteenth Amendment to the United States Constitution for the alleged excessive corporal punishment of Preschooler.  The court has previously denied a motion to dismiss

regarding this cause of action.  (September 7, 2006, Order (# 208) at 27.)  However, no motion for summary judgment has been filed.  As this is the only remaining claim in this case and it may be a matter that can be determined in a manner that will either expedite trial or eliminate the need for trial, the court will grant Defendants leave to file a motion for summary judgment within ten (10) days from the date of this order.  If such a motion is filed, Plaintiffs shall have ten (10) days in which to file an opposition.  No reply shall be filed.  If Defendants do not file a motion for summary judgment, the parties shall have thirty (30) days within which to lodge with the court a proposed written joint pretrial order.

IT IS THEREFORE ORDERED that Plaintiffs' motion to reconsider and appeal of the final decision of the State Review Officer (# 211) is hereby DENIED.  The final decision of the State Review Officer is AFFIRMED.

IT IS FURTHER ORDERED that Defendants shall have ten (10) days from the date of this order in which to file a motion for summary judgment with respect to the remaining cause of action in this case.  If such a motion is filed, Plaintiffs shall have ten (10) days in which to file an opposition.  No reply shall be filed.  If Defendants do not file a motion for summary judgment, the parties shall have thirty (30) days within which to lodge with the court a proposed written joint pretrial order.

IT IS SO ORDERED.

DATED this 27th day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

9