UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DOE AND JANE DOE, on behalf of themselves and as Guardians ad Litem for their minor child, PRESCHOOLER,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF NEVADA; et al.,<br><br>Defendants. | 02:03-CV-01500-LRH-RJJ<br><br>ORDER |

Presently before the court is defendants Peggie Cravish and Kathleen LiSanti's (collectively, "Defendants") Motion for Summary Judgment on Fifth Claim for Relief (# 220[1]). Plaintiffs, John Doe, Jane Doe and Preschooler, have filed an opposition (# 227).

**I. Factual Background**

This action was brought by Plaintiffs on behalf of themselves and their minor child, Preschooler, as a result of alleged improper treatment of Preschooler. At issue for purposes of this order is Plaintiffs' fifth claim for relief alleging excessive corporal punishment. The parties have identified variations in how witnesses describe the relevant events. The following factual discussion looks at the evidence in the light most favorable to Plaintiffs.

---

[1] Refers to the court's docket number.

1  It is undisputed that Preschooler was a disabled autistic child of three to four years old during the 2002-2003 academic year. During that year, Preschooler attended the Betsy Rhodes Elementary School and participated in the Kids Intensive Delivery of Services ("KIDS") program. During the relevant time period, Kathleen LiSanti ("LiSanti") was a teacher in the program and Peggie Cravish ("Cravish") was a teacher's aide.

On September 27, 2002, Preschooler scratched a little girl on her face. *See* (Pls.' Statement of Material Facts (# 229), Dep. of Richard Seideman, Ex. 1 at 21:22-25) In response, Cravish grabbed Preschooler under the armpit "and flung him on the mat behind her." *Id*. at 22:23-23:1. Specifically, there is evidence that Preschooler's feet lifted a foot and half off the ground and he was flung two to three feet onto a mat. *Id*. at 24:22-25:4; (Exhibits to Defs.' Mot. for Summ. J. (# 221), Dep. of Gina Seideman, Ex. 2 at 24:3-10.) There is evidence that this is the method Cravish used to pick up Preschooler on other occasions. (Pls.' Statement of Material Facts (# 229), Dep. of Stuart Limbert, Ex. 6 at 16:22-17:)

The next incident relevant to the current motion occurred in March, 2003, when Preschooler performed an act of self abuse or self-stimulatory behavior. Specifically, Preschooler touched his head with his fist. (Pls.' Statement of Material Facts (# 229), Dep. of Patricia Been, Ex. 12 at 40:8-9.) As a result, LiSanti grabbed Preschooler's wrists and caused Preschooler to hit himself in the head approximately ten times. *Id*. at 40:11-13, 40:19-21. The force used by LiSanti was described as very forceful and inappropriate. *Id*. at 41:15-17.

Next, teacher Patricia Been ("Been") testified that she witnessed LiSanti take one of the children who was not on task, put him in a chair, posture over him and tell him what he did wrong with a loud voice. *Id*. at 29:22-30:6. The force used was not gentle. *Id*. at 30:7. Been witnessed the children cry but was unsure if it was due to physical pain or because of the loud voice. *Id*. at 30:12-15. Preschooler is one of the children who Been witnessed being treated in this manner. *Id*. at 30:17. Been observed this behavior with respect to all the children between six to twelve times.

2

*Id*. at 30:23-31:4, 33:18-21.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001). For those issues where the moving party will not have the burden of proof at trial, the movant must point out to the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.,* 477 U.S. at 325.

In order to successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff.  *See id.* at 252.

**III.  Discussion**

Plaintiffs' fifth cause of action alleges that the actions of LiSanti and Cravish constituted violations of the Fourth Amendment to the United States Constitution.  (Am. Compl. (# 205) ¶ 157.)  Plaintiffs previously presented this claim to the court as an alleged violation of the Fourteenth Amendment.  (Pls.' Opp'n to Defs.' Mot. for Summ. J (# 177) at 6-8.)  As a result, the court previously found the complaint properly alleged a violation of the Fourteenth Amendment.  In seeking summary judgment, Defendants argue that there is no evidence to support a violation of the Fourteenth Amendment.  Plaintiffs oppose summary judgment arguing this court should analyze the cause of action pursuant to the Fourth Amendment.  Specifically, Plaintiffs rely on *Preschooler II v. Clark County Sch. Bd. of Trustees*, 479 F.3d 1175 (9th Cir. 2007), to argue that the evidence presented creates a genuine issue of material fact.  Alternatively, Plaintiffs argue the evidence is sufficient to find a violation of the Fourteenth Amendment.

*Preeschooler II* is a companion case to the present action involving a four-year old disabled child who was in Preschooler's class.  479 F.3d at 1177.  Preschooler II suffered from tuberous sclerosis, a neurological disease that causes tumors to form in various organs, and non-verbal autism.  *Id*. at 178.  The complaint in *Preschholer II* alleged that "'Preschooler II was assaulted at circle time by Defendant LiSanti, when Defendant LiSanti grabbed Plaintiff Preschooler II's hands and slapped him repeatedly. . . .'"  479 F.3d at 1178. "LiSanti beat Preschooler II, hitting his head and face."  *Id*.  It was alleged that this event was especially traumatic for Preschooler II because of his tuberous sclerosis diagnosis, which caused tumors in the eyes and brain.  *Id*.  The complaint in *Preschooler II* further alleged that "LiSanti maliciously body slammed Preschooler II into a chair."

*Id*. The district court found the allegations sufficient to support a claim for constitutional deprivation under the Fourth and Fourteenth Amendments. *Id*. at 1179.

On appeal, the Ninth Circuit began its analysis by noting, "[t]he consequences of a teacher's force against a student at school are generally analyzed under the 'reasonableness' rubric of the Fourth Amendment, although historically courts applied substantive due process analysis under the Fourteenth Amendment's 'shocks the conscience' test." *Preschooler II*, 479 F.3d at 1180. The Ninth Circuit found that "[t]he teacher's seizure of Preschooler II and her alleged slapping, forced participation in self-beating and slamming were unreasonable in light of the child's age and disability and the context of the events." *Id*. The court stated that Preschooler II was especially vulnerable due to his autism and tuberous sclerosis. *Id*.

The court finds the evidence in this case sufficiently similar to the allegations in *Preschooler II* to find a genuine issue of material fact as to whether LiSanti and Cravish's actions violated Preschooler's Fourth Amendment right to be free from excessive force. *See Preschooler II*, 479 F.3d at 1179-80. Looking at the evidence in the light most favorable to Preschooler, Cravish grabbed preschooler under the armpit and flung him two to three feet onto a mat. There is also evidence that LiSanti grabbed Preschooler's wrists and caused Preschooler to forcefully hit himself in the head approximately ten times. Finally, there is evidence that LiSanti placed preschooler in a chair with force described as not gentle. In light of *Preschooler II*, a reasonable jury could find a violation of the Fourth Amendment.

In a footnote, the court in *Preschooler II* noted that it may be possible to state a legitimate due process claim under the Fourteenth Amendment in the context of a teacher's use of force. 479 F.3d at 1181 n.5. However, the Ninth Circuit concluded, "[e]ven assuming a legitimate due process claim under the Fourteenth Amendment, it takes no further analysis to conclude that these actions do not 'shock the conscience.'" *Id*. (citing *Rochin v. California*, 342 U.S. 165, 172 (1952)). Similarly, the court finds the evidence in this case insufficient to demonstrate conduct that "shocks

5

the conscience."

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment on Fifth Claim for Relief (# 220) is hereby DENIED.

IT IS FURTHER ORDERED that the parties shall have thirty (30) days within which to lodge with the court a proposed written joint pretrial order.

IT IS SO ORDERED.

DATED this 30th day of April, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE